**MCGUIREWOODS LLP**
Andrew W. Russell (SBN 280669)
Email: arussell@mcguirewoods.com
Sarah Y. Oh (SBN 322164)
Email: soh@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA  90067-1501
Telephone:  310.315.8200
Facsimile:  310.315.8210

Attorneys for Defendant
FERGUSON ENTERPRISES, LLC
(erroneously sued as FERGUSON PS)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY HARRELL,<br><br>          Plaintiff,<br><br>   vs.<br><br>FERGUSON PS,<br><br>       Defendants. | CASE NO.<br><br>[San Mateo County Superior Court Case No. 21CIV02825]<br><br>**DEFENDANT FERGUSON ENTERPRISES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>Complaint Filed:    May 19, 2021 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant FERGUSON ENTERPRISES, LLC (erroneously sued as "FERGUSON PS") ("Ferguson" or "Defendant"), by and through its undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of San Mateo (the "State Court"), in which the action is currently pending, to the United States District Court for the Northern District of California on the grounds that this Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and all other applicable bases for removal.  In support of this Notice of Removal, Defendant avers as follows:

## PLEADING AND PROCEDURES

1.      On or about May 19, 2021, Plaintiff Tony Harrell ("Plaintiff") filed an unverified Complaint (the "Complaint") in State Court commencing this civil action against Defendant in a case styled *Tony Harrell v. Ferguson PS*, Case No. 21CIV02825 (the "State Court Action").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.      On September 22, 2022, Defendant was personally served with the Complaint and Summons in the State Court Action.  A true and correct copy of the Summons served on Ferguson is attached hereto as **Exhibit B**.

3.      The following additional documents from the State Court Action were served, personally or otherwise, upon Defendant, true and correct copies of which are attached hereto as the Exhibits identified below:

|  |  |
|---|---|
| **Exhibit C:** | Civil Case Cover Sheet |
| **Exhibit D:** | Notice of Assignment for All Purposes (Civil) and Notice of Case Management Conference |
| **Exhibit E:** | Order on Court Fee Waiver (Superior Court) |
| **Exhibit F:** | 9/2/21 Order Continuing Case Management Conference |
| **Exhibit G:** | 12/2/21 Order Continuing Case Management Conference |
| **Exhibit H:** | 3/2/22 Order Continuing Case Management Conference |
| **Exhibit I**: | 3/18/22 Order Continuing Case Management Conference |

| | | |
|---|---|---|
| **Exhibit J:** | 6/2/22 Notice of Case Management Conference | |
| **Exhibit K:** | 6/16/22 Notice of Case Management Conference | |
| **Exhibit L:** | 6/16/22 Minute Order | |
| **Exhibit M:** | 9/21/22 Minute Order | |
| **Exhibit N:** | 9/21/22 Notice of Change of Address or Other Contact Information | |
| **Exhibit O:** | 9/21/22 Notice of Case Management Conference | |

4.      Defendant is informed and believe that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

## TIMELINESS OF REMOVAL

5.      This action has not previously been removed to federal court.

6.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides that such Notices "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based"  Defendant has filed this Notice of Removal within 30 days of September 22, 2022, the date on which Plaintiff served Defendant with the Complaint.  Accordingly, this action is being removed within 30 days of the first date upon which Defendant was served, through service or otherwise, with any paper giving them knowledge that the action was indeed removable.

## REMOVAL JURISDICTION – DIVERSITY

7.      This Court has jurisdiction over this action under 28 U.S.C. § 1332(a), 28 U.S.C. § 1441(b), and all other applicable bases for removal.  As required by 28 U.S.C. § 1441, Defendant seeks to remove this case to the United States District Court for the Northern District of California, which is the District Court embracing the place where the State Court Action was filed.

8.      Defendant is the only named defendant in this action and has been properly served with process in the State Court Action.  Accordingly, Defendant is the only defendant needed to join and consent to this removal.

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and it is an action that may be removed to this Court by Defendant, because: (1) there is complete diversity of citizenship between Plaintiff, on the one hand, and Defendant, on the other hand; and (2) the amount-

1    in-controversy exceeds $75,000, exclusive of interest and costs.

2        10.      In accordance with 28 U.S.C. § 1446(d), Defendant will provide contemporaneous

3    written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

4                                    **CITIZENSHIP OF PARTIES**

5        11.      **Plaintiff's Citizenship.**  The Complaint states that on or about "June 2018", that

6    Plaintiff and Defendant entered into a written employment agreement for Plaintiff to work as a

7    Warehouse Associate in "their Redwood City location."  *See* Exh. A (Complaint).  The Complaint

8    also lists Plaintiff's home address as "2820 Del Camino San Pablo, CA 94806."  *See id.*  Additionally,

9    on or about September 21, 2022—i.e., less than one month ago—Plaintiff filed a "Notice of Change

10   of Address or Other Contact Information" wherein Plaintiff updated his home address to 1027 Santa

11   Clara St, Vallejo, CA 94590."  *See* Exh. N.  Based on the foregoing, Defendant is informed and

12   believes and thereon alleges that Plaintiff intends to indefinitely remain living continuously in

13   California, and that his domicile is presently in California.  Accordingly, Plaintiff is a resident and

14   citizen of the State of California for purposes of traditional diversity jurisdiction.  *See* 28 U.S.C. §

15   1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *see also, e.g.*,

16   *Mondragon v. Capital One Auto Fin.*, 776 F.3d 880, 885-86 (9th Cir. 2013) (person's continuing

17   domicile in a state establishes citizenship for purposes of removal "unless rebutted with sufficient

18   evidence of change"); *Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (party domiciled in state of

19   party's address); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence

20   is *prima facie* evidence of domicile for purposes of determining citizenship).

21       12.      **Defendant's Citizenship.**  As a limited liability company, Defendant is a citizen of

22   every state of which its owners/members are a citizen.  *See, e.g.*, *Johnson v. Columbia Props.*

23   *Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) (holding that a limited liability company is deemed

24   to be a citizen of every state of which its owners/members are citizens).  Defendant is a Virginia

25   limited liability company with its principal place of business in Newport News, Virginia.  *See*

26   California Secretary of State Business Search at https://bizfileonline.sos.ca.gov/search/business

27   (Entity Name Searched: "Ferguson Enterprises, LLC").  Its sole owner/member, Ferguson US

28   Holdings, Inc., is incorporated in Virginia, and its principal place of business is also in Newport

1    News,   Virginia.   *See*   California   Secretary   of   State   Business   Search   at

2    https://bizfileonline.sos.ca.gov/search/business (Entity Name Searched: "Ferguson US Holdings,

3    Inc."). Thus, Defendant was and is a citizen of the State of the Virginia for the purpose of determining

4    minimum diversity jurisdiction.[1]  28 U.S.C. § 1332(d)(2).

5    **<u>AMOUNT IN CONTROVERSY</u>**

6    13.    An action may be removed to and remain in federal court if the defendant establishes,

7    by a preponderance of the evidence, that the aggregate amount-in-controversy exceeds the

8    jurisdictional amount. *See Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Bank of*

9    *Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).  To satisfy the

10   preponderance of the evidence test, a defendant must demonstrate that "it is more likely than not"

11   that the amount-in-controversy is satisfied. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398,

12   404 (9th Cir. 1996).  However, evidentiary submissions are **not** required ***at the time of removal***.  *See*

13   *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (holding that defendant need

14   not prove the amount in controversy in notice of removal).  "Instead, evidence showing the amount

15   in controversy is required '*only when* the plaintiff contests, or the court questions, the defendant's

16   allegation.'" *Id.* (emph. added).

17   14.    Indeed, when a defendant seeks to remove an action to federal court on grounds of

18   diversity jurisdiction, "the defendant's amount-in-controversy allegation should be accepted [as true]

19   when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co.,*

20   *LLC v. Owens*, 547 U.S. 81, 135 S.Ct. 547, 553 (2014); *Arias*, 936 F.3d at 927 ("[A]ssumptions made

21   part of the defendant's chain of reasoning need not be proven; they instead must only have 'some

22   reasonable ground underlying them.'").  At the time of removal, the removing defendant's burden of

23   establishing that the amount in controversy exceeds $75,000 is not daunting and does not require the

24   defendant to do extensive research or prove the plaintiff's damages.  *See, e.g.*, *Ray v. Wells Fargo*

25

26   _____

27   [1] If this Court's jurisdiction is challenged, either by Plaintiff or *sua sponte*, Defendant expressly reserves and does not waive its right to supplement and/or amend their removal submissions to present additional information regarding Defendant's citizenship to demonstrate the existence of

28   the requisite diversity between the parties.

1    *Bank, N.A.*, 2011 WL 1790123, at *16 (C.D. Cal. May 9, 2011) (Matz, J.).  Thus, "a defendant's

2    notice of removal need include only a plausible allegation that the amount in controversy exceeds the

3    jurisdictional threshold." *Dart Cherokee*, 135 S.Ct. at 554.  Furthermore, it is an abuse of discretion

4    for a district court to *sua sponte* remand a case back to state court without first giving the removing

5    defendant an opportunity to show that the jurisdictional requirements are met.  *Academy of Country*

6    *Music v. Continental Casualty Co.*, 991 F.3d 1059, 1069 (9th Cir. 2021).

7          15.    A plaintiff's complaint is a court's "first source of reference in determining the amount

8    in controversy." *LaCrosse v. Knight Truck & Trailer Sales, LLC*, 775 F.3d 1200, 1202 (9th Cir. Jan.

9    8, 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  In

10   determining whether the amount-in-controversy exceeds $75,000, the court must presume that the

11   plaintiff will prevail on each and every claim asserted in his or her complaint. *See Kenneth Rothschild*

12   *Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002).  The ultimate

13   inquiry asks what amount is put "in controversy" by the operative complaint—not what a court or

14   jury might later determine to be the actual amount of damages, if any.  *See Ibarra v. Manheim Invs.,*

15   *Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (defendants "are not stipulating to damages suffered"

16   in a removal petition, "but only estimating the damages that are in controversy," because "jurisdiction

17   must be analyzed on the basis of pleadings filed at the time of removal").[2]  The court may also look

18   beyond the complaint to determine whether the amount-in-controversy is met, if necessary.  *See*

19   *Abrego*, 443 F.3d at 690.

20         16.    The amount in controversy may include general and special compensatory damages.

21   *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Simmons v. PCR Tech.*,

22   209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002).  Further, when attorneys' fees are authorized by statute,

23   they are appropriately part of the calculation of the "amount in controversy" for purposes of removal.

---

25          [2] *Scherer v. Equitable Life Assurance Soc'y of the United States,* 347 F.3d 394, 399 (2d Cir.
26   2003) (the "'amount in controversy' … for jurisdictional purposes, [is] the sum put in controversy
     by the plaintiff's complaint"); *see also Wilder v. Bank of Am.*, 2014 WL 6896116, *4 (C.D. Cal.
27   Dec. 5, 2014) (determining amount in controversy requires that court assume that the allegations of
     the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the
28   complaint because the ultimate inquiry is what amount is put "in controversy" by the complaint, not
     what a defendant will actually owe).

*See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Moreover, "a court ***must*** include **future** attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794 (emph. added); *see also Chavez*, 888 F.3d at 414-15 ("[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses ***all*** relief a court may grant on that complaint if the plaintiff is victorious." (emph. added)). The amount-in-controversy may also include punitive damages and emotional distress. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Kroske,* 432 F.3d at 980.

## Plaintiff's Complaint Alleges Damages in Excess of Jurisdictional Threshold

17. Here, the Complaint explicitly seeks damages in the amount of "***$750,000.00***". *See* Exh. A (Complaint), ¶ 10(a). (emph. added).

18. Assuming for purposes of removal ***only*** that Plaintiff will prevail on his claims in the Complaint and obtain the damages he seeks, Defendant has established by a preponderance of evidence that the amount-in-controversy far exceeds $75,000, in fact, by ***ten-fold***.[3]  *See e.g., Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (holding that plaintiff's judicial admissions that his case was worth "considerably more" than $50,000 satisfied then-applicable amount in-controversy requirement for diversity jurisdiction); *Hakopian v. Mukasey*, 551 F.3d 843, 846 (9th Cir. 2008) (holding that "[a]llegations in a complaint are considered judicial admissions).

19. Accordingly, because there is diversity of citizenship between Plaintiff and Defendant, and because Plaintiff expressly seeks damages in excess of the $75,000 jurisdictional threshold,

---

[3] The amount in controversy calculations, as set forth below, are based on an assumption *for purposes of removal only* that the allegations of Plaintiff's Complaint regarding his theories of liability are true, but *without any type of express or implied admission* that the conduct alleged in the Complaint occurred, that Plaintiff has suffered any damages, and that such liability in fact exists. *See, e.g., Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("[R]emovability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.").

1   Defendant may remove this action pursuant to 28 U.S.C. §§ 1332 and 1441(b) because this action is

2   one over which the United States District Courts have original jurisdiction by reason of the diversity

3   of citizenship of the parties.  Furthermore, this Notice of Removal is timely as it is being filed less

4   than 30 days after service of the Complaint on any named defendants in this action.

5                                                    **<u>VENUE</u>**

6          20.     This is a civil action originally filed in State Court in San Mateo County, California.

7   Defendant is informed and believes the events allegedly giving rise to this action occurred within this

8   judicial district.  Venue lies in this Court because the action is pending in this district and division.

9   *See* 28 U.S.C. § 1441(a).

10         21.     Nothing in this Removal Notice is intended or should be construed as any type of

11  express or implied admission by Defendant of any fact, of any validity or merits of any of Plaintiff's

12  claims, causes of action, and allegations, or of any liability for the same, all of which are hereby

13  expressly denied, or as any type of express or implied waiver or limitation of any of Defendant's

14  rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully

15  and expressly reserved.

16         WHEREFORE, Defendant hereby removes the above-captioned action now pending in the

17  State Court to this United States District Court.

18

19  DATED: October 21, 2022                **MᴄGᴜɪʀᴇWᴏᴏᴅs LLP**

20

21                                        By:  /s/ Andrew W. Russell
                                               _____
22                                             Andrew W. Russell
                                               Sarah Y. Oh
23                                             Attorneys for Defendant
                                               FERGUSON ENTERPRISES, LLC
24

25

26

27

28

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TONY HARRELL<br>2820 DEL CAMINO DRIVE<br>SAN PABLO, CA 94806<br><br>TELEPHONE NO:          FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* TONY HARRELL APPEARING IN PRO PER | **F I L E D**<br>SAN MATEO COUNTY<br><br>MAY 19 2021<br><br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO
STREET ADDRESS: 400 COUNTY CENTER DRIVE
MAILING ADDRESS: SAN MATEO SUPERIOR COURT
CITY AND ZIP CODE: REDWOOD CITY , CA 94063
BRANCH NAME: CIVIL LAW DIVISION

PLAINTIFF: TONY HARRELL

DEFENDANT: FERGUSON PS

☐ DOES 1  TO _____

| **CONTRACT** | |
|---|---|
| **[x]** COMPLAINT | ☐ AMENDED COMPLAINT *(Number):* |
| ☐ CROSS-COMPLAINT | ☐ AMENDED CROSS-COMPLAINT *(Number):* |

| Jurisdiction *(check all that apply):* | CASE NUMBER: |
|---|---|
| ☐ **ACTION IS A LIMITED CIVIL CASE**<br> **Amount demanded** ☐ does not exceed $10,000<br> ☐ exceeds $10,000 but does not exceed $25,000<br>**[x] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**<br>☐ **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint<br>  ☐ from limited to unlimited<br>  ☐ from unlimited to limited | **21CIV02825** |

1. **Plaintiff*** *(name or names):*
   TONY HARRELL

   alleges causes of action against **defendant*** *(name or names):*
   FERGUSON P S

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. a. Each plaintiff named above is a competent adult
   ☐ **except** plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ other *(specify):*
   b. ☐ Plaintiff *(name):*
      a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

      b. ☐ has complied with all licensing requirements as a licensed *(specify):*
   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
   **[x] except** defendant *(name):*                              ☐ **except** defendant *(name):*
      (1) **[x]** a business organization, form unknown            (1) ☐ a business organization, form unknown
      (2) ☐ a corporation                                          (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*                 (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*                          (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*                                     (5) ☐ other *(specify):*

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12

**EXHIBIT A**

PLD-C-001

| SHORT TITLE: |  | CASE NUMBER: |
|---|---|---|
| TONY HARRELL |  |  |

**4.** *(Continued)*

    b. The   true names of defendants sued as Does are unknown to plaintiff.

       (1) ☐  Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.

       (2) ☐  Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.

    c. ☐  Information about additional defendants who are not natural persons is contained in Attachment 4c.

    d. ☐  Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

**5.** ☐  Plaintiff is required to comply with a claims statute, **and**

    a. ☐    has complied with applicable claims statutes, *or*

    b. ☐    is excused from complying because *(specify):*

**6.** ☒  This action is subject to   ☒  Civil Code section 1812.10   ☐  Civil Code section 2984.4.

**7.** This court is the proper court because

    a. ☐    a defendant entered into the contract here.

    b. ☐    a defendant lived here when the contract was entered into.

    c. ☐    a defendant lives here now.

    d. ☒    the contract was to be performed here.

    e. ☒    a defendant is a corporation or unincorporated association and its principal place of business is here.

    f. ☐    real property that is the subject of this action is located here.

    g. ☐    other *(specify):*

**8.** The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

    ☒  Breach of Contract

    ☐  Common Counts

    ☐  Other *(specify):*

**9.** ☐  Other allegations:

**10. Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a. ☒    damages of: $750,000.00

    b. ☐    interest on the damages

       (1) ☐    according to proof

       (2) ☐    at the rate of  *(specify):*          percent per year from *(date):*

    c. ☐    attorney's fees

       (1) ☐    of: $

       (2) ☐    according to proof.

    d. ☐    other *(specify):*

**11.** ☐    The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: March 27, 2021

TONY HARRELL

        (TYPE OR PRINT NAME)                                                                      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001 [Rev. January 1, 2007]                    **COMPLAINT—Contract**                                                      Page 2 of 2

**EXHIBIT A**

**EXHIBIT A**

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| TONY HARRELL VS FERGUSON PS | |

1
<u>(number)</u>      **CAUSE OF ACTION—Breach of Contract**

ATTACHMENT TO  [✓] Complaint  [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.  Plaintiff *(name)*:  TONY HARRELL

alleges that on or about *(date)*:  JUNE 2018

a [✓] written  [ ] oral  [ ] other *(specify)*:

agreement was made between *(name parties to agreement)*:
HARRELL & FERGUSON PS FOR EMPLOYMENT AS A WAREHOUSE ASSOCIATE

[ ] A copy of the agreement is attached as Exhibit A, or
[✓] The essential terms of the agreement  [ ] are stated in Attachment BC-1  [✓] are as follows *(specify)*:

THE COMPANY HIRED AS WAREHOUSE ASSOCIATE TO WORK IN THEIR
REDWOOD CITY LOCATION

BC-2.  On or about *(dates)*:  AUGUST 2020 TO DECEMBER 2020
defendant breached the agreement by  [ ] the acts specified in Attachment BC-2  [✓] the following acts
*(specify)*:

THE LONG COURSE OF HARRASSMENT,  THE HOSTILE WORK ENVIRONMENT&
ISOLATION IN THE WORKPLACE BEGAN AND DID NOT CEASE UNTIL THE
PLAINTIFF WAS FIRED WHIOLE ON MEDICAL LEAVE. THE PLAINTIFF INTENDS TO
PROVE RACISM & THE HIS DIRECT SUPERVISOR STEALING PRODUCT FROM THE
COMPANY FOR PROFIT.

BC-3.  Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4.  Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4  [✓] as follows *(specify)*:

THE PLAINTIFF LOST JOB RANKING, SALARY , BENEFITS AND RETIREMENT
POSSIBILITIES. THE PLAINTIFF FULLY INTENDED TO STAY WITH THE COMPANY
UNTIL RETIREMENT AGE. THE PLAINTIFF HAS BEEN TO WORK TWO JOBS TO
ATTEMPT TO RECOVER FROM THE LOSS OF THE ONE POSITION AT FERGUSON

BC-5.  [ ]  Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[ ] according to proof.

BC-6.  [✓]  Other:

THE PLAINTIFF'S DIRECT SUPERVISOR MICHEAL FLOAKES CREATED A SMEAR
CAMPAIGN WITH OTHER EMPLOYEES TO DISCREDIT HIM AMONGST HIS PEERS.
MICHEAL FLOAKES ALSO GASLIT THE PLAINTIFF BY MAKING IT APPEAR THAT
HE WAS INCOMPETANT WITH THE MISSING INVENTORY WAS BEING SOLD AND
FUNDS WERE BEING POCKETED BY THE DEFENDANT

Page _____1_____

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]        **CAUSE OF ACTION—Breach of Contract**        Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

**EXHIBIT A**



SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

# FILED
## SAN MATEO COUNTY

SEP 2 1 2022

Clerk of the Superior Court

By _____
DEPUTY CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FERGUSON PS

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TONY HARRELL

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SAN MATEO SUPERIOR COURT<br>400 COUNTY CENTER DRIVE , REDWOOD CITY CA 94063 | CASE NUMBER: *(Número del Caso):*<br>21CV02825 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
TONY HARRELL     2820 DEL CAMINO DRIVE ,SAN PABLO CA 94806

DATE: SEP 2 1 2022
*(Fecha)*

Clerk, by _____ NEAL TANIGUCHI _____ , Deputy
*(Secretario)*                                           *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov



**EXHIBIT B**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>TONY HARRELL<br>2820 DEL CAMINO DRIVE<br>SAN PABLO, CA 94806 | **FOR COURT USE ONLY** |

TELEPHONE NO.:                    FAX NO. *(Optional)*:
ATTORNEY FOR *(Name)*:  TONY HARRELL APPEARING IN PRO PER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO
STREET ADDRESS: 400 COUNTY CENTER DRIVE
MAILING ADDRESS: SAN MATEO SUPERIOR COURT
CITY AND ZIP CODE: REDWWOD CITY, CA 94063
BRANCH NAME: CIVIL LAW DIVISION

**F I L E D**
**SAN MATEO COUNTY**

MAY 1 9 2021

Clerk of the Superior Court
By
DEPUTY CLERK

CASE NAME:
HARRELL VS FERGUSON PS

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited**    [ ] **Limited**<br>(Amount                (Amount<br>demanded            demanded is<br>exceeds $25,000)     $25,000) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **21 CIV02825**<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: March 27, 2021
TONY HARRELL
_____
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

**EXHIBIT C**

EXHIBIT C

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto.)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-*
        *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT C

EXHIBIT D



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Division
400 County Center, 1st Floor, Room A Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

FOR COURT USE ONLY

# FILED

SAN MATEO COUNTY

5/19/2021

**Clerk of the Superior Court**

/s/ Marcela Enriquez

DEPUTY CLERK

| | |
|---|---|
| PETITIONER/PLAINTIFF: **TONY HARRELL** | |
| RESPONDENT/DEFENDANT: **FERGUSON PS** | |

| **NOTICE OF ASSIGNMENT FOR ALL PURPOSES (CIVIL) AND NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: **21-CIV-02825** |
|---|---|

By order of the Presiding Judge pursuant to San Mateo County Superior Court Local Rule 3.200(a) the above entitled matter is assigned for all purposes to: **Danny Y. Chou** in **Department 22.**

## An Initial Case Management Conference is set before the Civil Commissioner, as follows:
### DATE: 9/16/2021
### TIME: 9:00 AM
### LOCATION: 1050 Mission Road, South San Francisco, CA 94080

APPEARANCES SHALL BE REMOTE ONLY.  Please visit our website at for information on remote appearances: https://www.sanmateocourt.org/general_info/remote_appearance.php

---

ASSIGNED DEPARTMENT INFORMATION

To schedule a Law and Motion Hearing, please see Local Rule 3.402, or visit the assigned Judicial Officer's webpage at: www.sanmateocourt.org/civiljudges.

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
|---|---|---|
| Danny Y. Chou | 650-261-5122 | Dept22@sanmateocourt.org |

CASE MANAGEMENT CONFERENCE INFORMATION

You are hereby given notice of your Initial Case Management Conference.  The date, time and department are noted above.

1. In accordance with applicable California Rules of the Court and Local Rules, you are hereby ordered to:
   a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 3.110(b); Local Rule 3.804).
   b) Serve a copy of this Notice, blank form of the Case Management Statement and ADR Information Package on all named parties in this action (Local Rule 3.804(a)). Documents are available online under the CIVIL CMC Packet section at: http://sanmateocourt.org/court_divisions/civil/
   c) File and serve a completed Case Management Statement at least 15 days before the Case Management Conference (CRC 3.725; Local Rule 3.805(c)).  Failure to do so may result in monetary sanctions or the continuance of the CMC.
   d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later

EXHIBIT D

**EXHIBIT D**

than 30 days before the date set for the Case Management Conference (Local Rule 3.805(b)).

2. Parties may proceed to an Appropriate Dispute Resolution process ("ADR") by filing a *Stipulation and Order to ADR* (Local Form ADR-CV-1). File and serve the completed *Stipulation and Order to* ADR form at least 12 days prior to the Case Management Conference (Local Rule 3.805(f)). You may find this form and information regarding the Civil ADR Program online at http://sanmateocourt.org/court_divisions/adr/civil/

For additional information, you may visit the Judicial officer's webpage at: www.sanmateocourt.org/civiljudges

### CLERK'S CERTIFICATE OF SERVICE

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, ☐ by hand ☐ by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this Court  or  ☒ by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 5/19/2021

Neal I Taniguchi, Court Executive Officer/Clerk

By:   /s/ Marcela Enriquez
        Marcela Enriquez, Deputy Clerk

Notice being served on:

TONY HARRELL
2820 DEL CAMINO DRIVE
SAN PABLO CA  94806

**EXHIBIT D**

**EXHIBIT E**

**FW-003**  **Order on Court Fee Waiver**
**(Superior Court)**

*Clerk stamps date here when form is filed.*

**F I L E D**
SAN MATEO COUNTY

MAY **1 9** 2021

Clerk of the Superior Court
By _____
DEPUTY CLERK

**(1)** **Person who asked the court to waive court fees:**
Name: TONY HARRELL
Street or mailing address: 2820 DEL CAMINO DRIVE
City: REDWOOD CITY    State:   CA   Zip: 94806

**(2)** **Lawyer, if person in (1) has one** *(name, firm name, address, phone number, e-mail, and State Bar number):*

*Fill in court name and street address:*
**Superior Court of California, County of**
SAN MATEO
400 COUNTY CENTER DRIVE
SAN MATEO SUPERIOR COURT
REDWOOD CITY, CA 94063
CIVIL LAW DIVISION

**(3)** A request to waive court fees was filed on *(date):* _____
☐  The court made a previous fee waiver order in this case  on *(date):* _____

*Fill in case number and name:*
**Case Number:**
21 C I V 0 2 8 2 5
**Case Name:**
HARRELL VS FERGUSON PS

*Read this form carefully. All checked boxes ☑ are court orders.*

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

**(4)** After reviewing your:    ☑ *Request to Waive Court Fees*    ☐ *Request to Waive Additional Court Fees*
**the court makes the following orders:**

a. ☐  The court **grants** your request, as follows:

   (1) ☑  **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:
- Filing papers in superior court
- Making copies and certifying copies
- Sheriff's fee to give notice
- Court fee for phone hearing
- Giving notice and certificates
- Sending papers to another court department
- Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding and you request that the court provide an official reporter
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

   (2) ☐  **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.
     ☐  Jury fees and expenses
     ☐  Fees for court-appointed experts
     ☐  Other  *(specify):* _____
     ☐  Fees for a peace officer to testify in court
     ☐  Court-appointed interpreter fees for a witness

Judicial Council of California, www.courts.ca.gov
Revised September 1, 2019, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52     **Order on Court Fee Waiver (Superior Court)**     **FW-003**, Page 1 of 3

**EXHIBIT E**

EXHIBIT E

| Your name:  TONY HARRELL | Case Number: |
| --- | --- |

b.  ☐  The court **denies** your fee waiver request because:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1)  Your request is incomplete. You have **10 days** after the clerk gives notice of this Order (see date of service ☐ on next page) to:

- Pay your fees and costs, or
- File a new revised request that includes the incomplete items listed:
  ☐ Below   ☐ On Attachment 4b(1)

_____

_____

_____

(2)  ☐  The information you provided on the request shows that you are not eligible for the fee waiver you requested for the reasons stated:  ☐ Below   ☐ On Attachment 4b(2)

_____

_____

_____

_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)* (form FW-006). You have **10 days** after the clerk gives notice of this order (see date of service below) to:

- Pay your fees and costs in full or the amount listed in c below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c.  (1)  ☐  The court needs more information to decide whether to grant your request. You must go to court on the date on page 3. The hearing will be about the questions regarding your eligibility that are stated:
  ☐ Below   ☐ On Attachment 4c(1)

_____

_____

_____

_____

(2)  ☐  Bring the items of proof to support your request, if reasonably available, that are listed:
  ☐ Below   ☐ On Attachment 4c(2)

_____

_____

_____

_____

_____

**This is a Court Order.**

EXHIBIT E

**EXHIBIT E**

Your name:  TONY HARRELL

Case Number:

| **Hearing Date** → | Date: _____ | Time: _____ | Name and address of court if different from above: |
| | Dept.: _____ | Room: _____ | |

---

**Warning!** If item c(1) is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: **MAY 1 9 2021**

Signature of (check one):   ☐ Judicial Officer   ☑ Clerk, Deputy

## Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):*

☐ I handed a copy of this Order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☑ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city):* Redwood City _____, California, on the date below.

☐ A certificate of mailing is attached.

Date: **MAY 1 9 2021**

Clerk, by **NEAL TANIGUCHI** _M.E._____, Deputy
Name:  **MARCELA ENRIQUEZ** _____

**This is a Court Order.**

**Order on Court Fee Waiver (Superior Court)**

**EXHIBIT E**

**EXHIBIT F**

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN MATEO

| 400 County Center | 1050 Mission Road |
|---|---|
| Redwood City, CA 94063 | South San Francisco, CA 94080 |

| | |
|---|---|
| **ORDER CONTINUING CASE MANAGEMENT CONFERENCE, AS THE ACTION IS NOT YET "AT ISSUE"** | **ENDORSED FILED** SAN MATEO COUNTY |
| In the Matter of: **TONY HARRELL  vs.  FERGUSON PS** | 9/2/2021 |
| | **Clerk of the Superior Court** |
| Case Number: **21-CIV-02825** | By   /s/ Eresmia Ouranitsas |
| | Deputy Clerk |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

THE COURT FINDS as follows:

An initial Case Management Conference was previously ordered and scheduled for 09/16/2021 in this action.

Pursuant to Rule 3.722(d) of the California Rules of Court, based upon the Court's review of the filed Case Management Statement(s) and the docket of this action, the Court determines that appearances at the Conference are not necessary at this time, as this action is not yet "at issue"; and determines that the Case Management Conference should be continued.

Pursuant to CRC Rule 3.110(b), a plaintiff is required to serve the Summons and Complaint upon all named defendants and file proofs of service of process upon all of those defendants within 60 days after the filing of the Complaint.

- Plaintiff has failed to file proofs of service of the Summons and Complaint upon all Defendants.

IT IS HEREBY ORDERED as follows:

1.  As this action is not yet "at issue", the initial Case Management Conference is CONTINUED to **12/16/2021 at 9:00 AM** in the Department of the Civil Commissioner, located at Courtroom P, 1050 Mission Road, SOUTH SAN FRANCISCO, CA 94080.

2.  No later than 30 days prior to the date of this initial Case Management Conference, the parties must meet and confer, in person or by telephone, to consider each of the issues identified in CRC Rule 3.721 and Rule 3.727.

3.  **Pursuant to CRC Rule 3.725, no later than 15 days prior to the date of this initial Case Management Conference, each party must file and serve a new Case Management Statement, individually or jointly, using the Judicial Council mandatory form CM-110.**  However, it would facilitate the issuance of a case management order without an appearance at the Case Management Conference if you would file and serve your Case Management twenty-five (25) days before the Case Management Conference.

**EXHIBIT F**

**EXHIBIT F**

4.     After all parties have made a formal appearance in this action, the parties may directly proceed to an Appropriate Dispute Resolution ("ADR") process by filing a Stipulation to ADR and Proposed Order (Local Form ADR-CV-1).  If all parties file a completed Stipulation to ADR and Proposed Order at least twelve (12) calendar days prior to the date of this initial Case Management Conference, the Case Management Conference will be vacated (i.e., taken off the Court's calendar), and this action will be referred to the ADR Director.

5.     Pursuant to Local Rule 3.805(h) and CRC Rule 2.30, the Court is empowered to impose monetary sanctions of a minimum of $150.00 upon any party or their counsel for failure to follow the requirements of this Order, or of the California Rules of Court, or of the Code of Civil Procedure.  If you fail to follow the requirements of this Order, you will be subject to an order to show cause as to why monetary sanctions of $150.00, or some other amount, should not be imposed against you.

6.     PLAINTIFF(S) must serve this Order on all parties **not** listed on the Court's proof of service within five (5) days of the date of this Order.

DATED: 9/2/2021

Ernst A. Halperin
Honorable Ernst A. Halperin, CIVIL COMMISSIONER

**EXHIBIT F**



**EXHIBIT F**

**SUPERIOR COURT OF SAN MATEO COUNTY**
400 County Center, Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

## AFFIDAVIT OF MAILING

Date: 9/2/2021

In the Matter of: **TONY HARRELL  vs.  FERGUSON PS**
Case Number: **21-CIV-02825**

     I declare under penalty of perjury that on the following date I deposited in the United States Post Office mail box at Redwood City, a true copy of the attached document(s) order continuing case management conference, enclosed in an envelope, with proper and necessary postage thereon, and addressed to the following:

Executed on: 9/2/2021

               Neal I Taniguchi, Court Executive Officer/Clerk

By:  _/s/ Eresmia Ouranitsas_____
              Eresmia Ouranitsas, Deputy Clerk

Copies mailed to:

TONY HARRELL
2820 DEL CAMINO DRIVE
SAN PABLO CA  94806

EXHIBIT F

TONY HARRELL
2820 DEL CAMINO DRIVE
SAN PABLO CA  94806

EXHIBIT F

**EXHIBIT G**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN MATEO

| 400 County Center | 1050 Mission Road |
|---|---|
| Redwood City, CA 94063 | South San Francisco, CA 94080 |

**ORDER CONTINUING CASE MANAGEMENT CONFERENCE,
AS THE ACTION IS NOT YET "AT ISSUE"**

In the Matter of: **TONY HARRELL  vs.  FERGUSON PS**

Case Number: **21-CIV-02825**

# FILED

SAN MATEO COUNTY

12/2/2021

**Clerk of the Superior Court**

By   /s/ Eresmia Ouranitsas

Deputy Clerk

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

THE COURT FINDS as follows:

An initial Case Management Conference was previously ordered and scheduled for 12/16/2021 in this action.

Pursuant to Rule 3.722(d) of the California Rules of Court, based upon the Court's review of the filed Case Management Statement(s) and the docket of this action, the Court determines that appearances at the Conference are not necessary at this time, as this action is not yet "at issue"; and determines that the Case Management Conference should be continued.

Pursuant to CRC Rule 3.110(b), a plaintiff is required to serve the Summons and Complaint upon all named defendants and file proofs of service of process upon all of those defendants within 60 days after the filing of the Complaint.

- Plaintiff has failed to file proofs of service of the Summons and Complaint upon all Defendants.

IT IS HEREBY ORDERED as follows:

1.  As this action is not yet "at issue", the initial Case Management Conference is CONTINUED to **3/16/2022 at 9:00 AM** in the Department of the Civil Commissioner, located at Courtroom P, 1050 Mission Road, SOUTH SAN FRANCISCO, CA 94080.

2.  No later than 30 days prior to the date of this initial Case Management Conference, the parties must meet and confer, in person or by telephone, to consider each of the issues identified in CRC Rule 3.721 and Rule 3.727.

3.  **Pursuant to CRC Rule 3.725, no later than 15 days prior to the date of this initial Case Management Conference, each party must file and serve a new Case Management Statement, individually or jointly, using the Judicial Council mandatory form CM-110.** However, it would facilitate the issuance of a case management order without an appearance at the Case Management Conference if you would file and serve your Case Management twenty-five (25) days before the Case Management Conference.

**EXHIBIT G**

4.   After all parties have made a formal appearance in this action, the parties may directly proceed to an Appropriate Dispute Resolution ("ADR") process by filing a Stipulation to ADR and Proposed Order (Local Form ADR-CV-1).   If all parties file a completed Stipulation to ADR and Proposed Order at least twelve (12) calendar days prior to the date of this initial Case Management Conference, the Case Management Conference will be vacated (i.e., taken off the Court's calendar), and this action will be referred to the ADR Director.

5.   Pursuant to Local Rule 3.805(h) and CRC Rule 2.30, the Court is empowered to impose monetary sanctions of a minimum of $150.00 upon any party or their counsel for failure to follow the requirements of this Order, or of the California Rules of Court, or of the Code of Civil Procedure.   If you fail to follow the requirements of this Order, you will be subject to an order to show cause as to why monetary sanctions of $150.00, or some other amount, should not be imposed against you.

6.   PLAINTIFF(S) must serve this Order on all parties **not** listed on the Court's proof of service within five (5) days of the date of this Order.

DATED: 12/2/2021                                    Ernst A. Halperin
                                      Honorable Ernst A. Halperin, CIVIL COMMISSIONER

**EXHIBIT G**



**SUPERIOR COURT OF SAN MATEO COUNTY**
400 County Center, Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

## AFFIDAVIT OF MAILING

Date: 12/2/2021

In the Matter of: **TONY HARRELL  vs.  FERGUSON PS**
Case Number: **21-CIV-02825**

　　　　I declare under penalty of perjury that on the following date I deposited in the United States Post Office mail box at Redwood City, a true copy of the attached document(s) order continuing case management conference, enclosed in an envelope, with proper and necessary postage thereon, and addressed to the following:

Executed on: 12/2/2021

　　　　　　　　　　　　　　Neal I Taniguchi, Court Executive Officer/Clerk

　　　　　　　　　By:　 /s/ Eresmia Ouranitsas
　　　　　　　　　　　　Eresmia Ouranitsas, Deputy Clerk

Copies mailed to:

　　TONY HARRELL　　　　　　　　　2820 DEL CAMINO DRIVE
　　　　　　　　　　　　　　　　　　SAN PABLO CA 94806

**EXHIBIT G**

**EXHIBIT H**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN MATEO

| 400 County Center | 1050 Mission Road |
|---|---|
| Redwood City, CA 94063 | South San Francisco, CA 94080 |

**ORDER CONTINUING CASE MANAGEMENT CONFERENCE, AS THE ACTION IS NOT YET "AT ISSUE"**

In the Matter of: **TONY HARRELL  vs.  FERGUSON PS**

Case Number: **21-CIV-02825**

# FILED

SAN MATEO COUNTY

3/2/2022

**Clerk of the Superior Court**

By    /s/ Eresmia Ouranitsas

Deputy Clerk

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

THE COURT FINDS as follows:

An initial Case Management Conference was previously ordered and scheduled for 03/16/2022 in this action.

Pursuant to Rule 3.722(d) of the California Rules of Court, based upon the Court's review of the filed Case Management Statement(s) and the docket of this action, the Court determines that appearances at the Conference are not necessary at this time, as this action is not yet "at issue"; and determines that the Case Management Conference should be continued.

Pursuant to CRC Rule 3.110(b), a plaintiff is required to serve the Summons and Complaint upon all named defendants and file proofs of service of process upon all of those defendants within 60 days after the filing of the Complaint.

- Plaintiff has failed to file proofs of service of the Summons and Complaint upon all Defendants.

IT IS HEREBY ORDERED as follows:

1.  As this action is not yet "at issue", the initial Case Management Conference is CONTINUED to **6/16/2022 at 9:00 AM** in the Department of the Civil Commissioner, located at Courtroom P, 1050 Mission Road, SOUTH SAN FRANCISCO, CA 94080.

2.  No later than 30 days prior to the date of this initial Case Management Conference, the parties must meet and confer, in person or by telephone, to consider each of the issues identified in CRC Rule 3.721 and Rule 3.727.

3.  **Pursuant to CRC Rule 3.725, no later than 15 days prior to the date of this initial Case Management Conference, each party must file and serve a new Case Management Statement, individually or jointly, using the Judicial Council mandatory form CM-110.** However, it would facilitate the issuance of a case management order without an appearance at the Case Management Conference if you would file and serve your Case Management twenty-five (25) days before the Case Management Conference.



**EXHIBIT H**

**EXHIBIT H**

4.   After all parties have made a formal appearance in this action, the parties may directly proceed to an Appropriate Dispute Resolution ("ADR") process by filing a Stipulation to ADR and Proposed Order (Local Form ADR-CV-1).   If all parties file a completed Stipulation to ADR and Proposed Order at least twelve (12) calendar days prior to the date of this initial Case Management Conference, the Case Management Conference will be vacated (i.e., taken off the Court's calendar), and this action will be referred to the ADR Director.

5.   Pursuant to Local Rule 3.805(h) and CRC Rule 2.30, the Court is empowered to impose monetary sanctions of a minimum of $150.00 upon any party or their counsel for failure to follow the requirements of this Order, or of the California Rules of Court, or of the Code of Civil Procedure.   If you fail to follow the requirements of this Order, you will be subject to an order to show cause as to why monetary sanctions of $150.00, or some other amount, should not be imposed against you.

6.   PLAINTIFF(S) must serve this Order on all parties **not** listed on the Court's proof of service within five (5) days of the date of this Order.


DATED: 3/2/2022                                          Ernst A. Halperin
                                              Honorable Ernst A. Halperin, CIVIL COMMISSIONER

**EXHIBIT H**



**SUPERIOR COURT OF SAN MATEO COUNTY**
400 County Center, Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

## AFFIDAVIT OF MAILING

Date: 3/2/2022

In the Matter of: **TONY HARRELL  vs.  FERGUSON PS**
Case Number: **21-CIV-02825**

     I declare under penalty of perjury that on the following date I deposited in the United States Post Office mail box at Redwood City, a true copy of the attached document(s) order continuing case management conference, enclosed in an envelope, with proper and necessary postage thereon, and addressed to the following:

Executed on: 3/2/2022

                    Neal I Taniguchi, Court Executive Officer/Clerk

                By:   /s/ Eresmia Ouranitsas
                     Eresmia Ouranitsas, Deputy Clerk

Copies mailed to:

TONY HARRELL                    2820 DEL CAMINO DRIVE
                                   SAN PABLO CA 94806

**EXHIBIT H**

**EXHIBIT I**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN MATEO

| 400 County Center | 800 North Humboldt Street |
|---|---|
| Redwood City, CA 94063 | San Mateo, CA 94401 |

**ORDER CONTINUING CASE MANAGEMENT CONFERENCE, AS THE ACTION IS NOT YET "AT ISSUE"**

In the Matter of: **TONY HARRELL  vs.  FERGUSON PS**

Case Number: **21-CIV-02825**

# FILED

SAN MATEO COUNTY

3/18/2022

**Clerk of the Superior Court**

By    /s/ Eresmia Ouranitsas

Deputy Clerk

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

THE COURT FINDS as follows:

An initial Case Management Conference was previously ordered and scheduled for 03/16/2022 in this action.

Pursuant to Rule 3.722(d) of the California Rules of Court, based upon the Court's review of the filed Case Management Statement(s) and the docket of this action, the Court determines that appearances at the Conference are not necessary at this time, as this action is not yet "at issue"; and determines that the Case Management Conference should be continued.

Pursuant to CRC Rule 3.110(b), a plaintiff is required to serve the Summons and Complaint upon all named defendants and file proofs of service of process upon all of those defendants within 60 days after the filing of the Complaint.

- Plaintiff has failed to file proofs of service of the Summons and Complaint upon all Defendants.

IT IS HEREBY ORDERED as follows:

1. As this action is not yet "at issue", the initial Case Management Conference is CONTINUED to **6/16/2022 at 9:00 AM** in the Department of the Civil Commissioner, located at Courtroom H, 800 North Humboldt Street, San Mateo, CA 94401.

2. No later than 30 days prior to the date of this initial Case Management Conference, the parties must meet and confer, in person or by telephone, to consider each of the issues identified in CRC Rule 3.721 and Rule 3.727.

3. **Pursuant to CRC Rule 3.725, no later than 15 days prior to the date of this initial Case Management Conference, each party must file and serve a new Case Management Statement, individually or jointly, using the Judicial Council mandatory form CM-110.** However, it would facilitate the issuance of a case management order without an appearance at the Case Management Conference if you would file and serve your Case Management twenty-five (25) days before the Case Management Conference.


**EXHIBIT I**

**EXHIBIT I**

4.   After all parties have made a formal appearance in this action, the parties may directly proceed to an Appropriate Dispute Resolution ("ADR") process by filing a Stipulation to ADR and Proposed Order (Local Form ADR-CV-1).   If all parties file a completed Stipulation to ADR and Proposed Order at least twelve (12) calendar days prior to the date of this initial Case Management Conference, the Case Management Conference will be vacated (i.e., taken off the Court's calendar), and this action will be referred to the ADR Director.

5.   Pursuant to Local Rule 3.805(h) and CRC Rule 2.30, the Court is empowered to impose monetary sanctions of a minimum of $150.00 upon any party or their counsel for failure to follow the requirements of this Order, or of the California Rules of Court, or of the Code of Civil Procedure.   If you fail to follow the requirements of this Order, you will be subject to an order to show cause as to why monetary sanctions of $150.00, or some other amount, should not be imposed against you.

6.   PLAINTIFF(S) must serve this Order on all parties **not** listed on the Court's proof of service within five (5) days of the date of this Order.

DATED: 3/18/2022                                         Ernst A. Halperin
                                         Honorable Ernst A. Halperin, CIVIL COMMISSIONER

**EXHIBIT I**

**EXHIBIT I**



**SUPERIOR COURT OF SAN MATEO COUNTY**
400 County Center, Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

## AFFIDAVIT OF MAILING

Date: 3/18/2022

In the Matter of: **TONY HARRELL  vs.  FERGUSON PS**
Case Number: **21-CIV-02825**

      I declare under penalty of perjury that on the following date I deposited in the United States Post Office mail box at Redwood City, a true copy of the attached document(s) order continuing case management conference, enclosed in an envelope, with proper and necessary postage thereon, and addressed to the following:

Executed on: 3/18/2022

                      Neal I Taniguchi, Court Executive Officer/Clerk

By:    /s/ Eresmia Ouranitsas
           Eresmia Ouranitsas, Deputy Clerk

Copies mailed to:

TONY HARRELL                     1027 SANTA CLARA STREET
                                  VALLEJO CA 94590-5112

**EXHIBIT I**

**EXHIBIT J**



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Division
400 County Center, 1st Floor, Room A Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

FOR COURT USE ONLY

# FILED

SAN MATEO COUNTY

6/2/2022

**Clerk of the Superior Court**

Briana Barrow

DEPUTY CLERK

PLAINTIFF: **TONY HARRELL**

DEFENDANT: **FERGUSON PS**

| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>21-CIV-02825 |
|---|---|

A Case Management Conference is set before the Civil Commissioner, as follows:
DATE: **6/16/2022**
TIME: **9:00 AM**
**IN THE DEPARTMENT OF THE CIVIL COMMISSIONER**

**Due to the COVID Pandemic, all Case Management Conferences will be conducted remotely and all persons shall appear remotely using Zoom.**

Please see the Civil Commissioner's webpage at www.sanmateocourt.org/civiljudges for **zoom credentials** and details.

ASSIGNED DEPARTMENT INFORMATION

To schedule a Law and Motion Hearing, please see Local Rule 3.402, or visit the assigned Judicial officer's webpage at: www.sanmateocourt.org/civiljudges

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
|---|---|---|
| Danny Y. Chou | 650-261-5122 | Dept22@sanmateocourt.org |

CASE MANAGEMENT CONFERENCE INFORMATION

You are hereby given notice of your Case Management Conference.  The date, time and department are noted above.
1. In accordance with applicable California Rules of the Court and Local Rules, you are hereby ordered as follows:
    a) Plaintiff shall serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 3.110(b); Local Rule 3.804).
    b) Plaintiff shall serve upon all parties who have not yet filed an appearance, a copy of this Notice, blank form of the Case Management Statement and ADR Information Package (Local Rule 3.804(a)). Documents are available online under the CIVIL CMC Packet section at: http://sanmateocourt.org/court_divisions/civil/
    c) File and serve a completed Case Management Statement at least 15 days before the Case Management Conference (CRC 3.725; Local Rule 3.805(c)).  Failure to do so may result in monetary sanctions or the continuance of the CMC.
    d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 days before the date set for the Case Management Conference (Local Rule 3.805(b)).
2. Parties may proceed to an Appropriate Dispute Resolution process ("ADR") by filing a *Stipulation and Order to ADR*

Rev. Mar. 2021

**EXHIBIT J**

**EXHIBIT J**

(Local Form ADR-CV-1). File and serve the completed *Stipulation and Order to* ADR form at least 12 days prior to the Case Management Conference (Local Rule 3.805(f)). You may find this form and information regarding the Civil ADR Program online at http://sanmateocourt.org/court_divisions/adr/civil/

For additional information, you may visit the Judicial officer's webpage at: www.sanmateocourt.org/civiljudges

### CLERK'S CERTIFICATE OF SERVICE

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, ☐ by hand ☐ by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this Court ☒ by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date:   6/2/2022

Neal I Taniguchi, Court Executive Officer/Clerk

By:   /s/ Briana Barrow
_____

Briana Barrow, Deputy Clerk

Notice being served on:

TONY HARRELL
1027 SANTA CLARA STREET
VALLEJO, CA  94590-5112

FERGUSON PS
NO KNOWN ADDRESS

**EXHIBIT J**

**EXHIBIT K**



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Division
400 County Center, 1st Floor, Room A Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

| FOR COURT USE ONLY |
| --- |
| **FILED** |
| SAN MATEO COUNTY |
| 6/16/2022 |
| **Clerk of the Superior Court** |
| Briana Barrow |
| DEPUTY CLERK |

PLAINTIFF: **TONY HARRELL**

DEFENDANT: **FERGUSON PS**

**NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
21-CIV-02825

---

A Case Management Conference is set before the Civil Commissioner, as follows:

DATE: **9/21/2022**

TIME:  **9:00 AM**

**IN THE DEPARTMENT OF THE CIVIL COMMISSIONER**

**Due to the COVID Pandemic, all Case Management Conferences will be conducted remotely and all persons shall appear remotely using Zoom.**

Please see the Civil Commissioner's webpage at www.sanmateocourt.org/civiljudges for **zoom credentials** and details.

---

ASSIGNED DEPARTMENT INFORMATION

To schedule a Law and Motion Hearing, please see Local Rule 3.402, or visit the assigned Judicial officer's webpage at: www.sanmateocourt.org/civiljudges

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
| --- | --- | --- |
| Danny Y. Chou | 650-261-5122 | Dept22@sanmateocourt.org |

CASE MANAGEMENT CONFERENCE INFORMATION

You are hereby given notice of your Case Management Conference.  The date, time and department are noted above.

1. In accordance with applicable California Rules of the Court and Local Rules, you are hereby ordered as follows:
    a) Plaintiff shall serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 3.110(b); Local Rule 3.804).
    b) Plaintiff shall serve upon all parties who have not yet filed an appearance, a copy of this Notice, blank form of the Case Management Statement and ADR Information Package (Local Rule 3.804(a)). Documents are available online under the CIVIL CMC Packet section at: http://sanmateocourt.org/court_divisions/civil/
    c) File and serve a completed Case Management Statement at least 15 days before the Case Management Conference (CRC 3.725; Local Rule 3.805(c)).  Failure to do so may result in monetary sanctions or the continuance of the CMC.
    d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 days before the date set for the Case Management Conference (Local Rule 3.805(b)).

2. Parties may proceed to an Appropriate Dispute Resolution process ("ADR") by filing a *Stipulation and Order to ADR*

**EXHIBIT K**

**EXHIBIT K**

(Local Form ADR-CV-1). File and serve the completed *Stipulation and Order to* ADR form at least 12 days prior to the Case Management Conference (Local Rule 3.805(f)). You may find this form and information regarding the Civil ADR Program online at http://sanmateocourt.org/court_divisions/adr/civil/

For additional information, you may visit the Judicial officer's webpage at: www.sanmateocourt.org/civiljudges

### CLERK'S CERTIFICATE OF SERVICE

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, ☐ by hand ☐ by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this Court ☒ by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date:   6/16/2022

Neal I Taniguchi, Court Executive Officer/Clerk

By:   /s/ Briana Barrow
      Briana Barrow, Deputy Clerk

Notice being served on:

TONY HARRELL
1027 SANTA CLARA STREET
VALLEJO, CA  94590-5112

**EXHIBIT K**

Case Number: 21-CIV-02825



### SUPERIOR COURT OF SAN MATEO COUNTY

| 400 County Center | 1050 Mission Road |
|---|---|
| Redwood City, CA 94063 | South San Francisco, CA 94080 |

www.sanmateocourt.org

## Minute Order

| **TONY HARRELL  vs.  FERGUSON PS** | 21-CIV-02825 |
|---|---|
| | 06/16/2022 9:00 AM |
| | Case Management Conference |
| | **Hearing Result**: Held |

**Judicial Officer**: Halperin, Ernst A.          **Location**: Courtroom H
**Courtroom Clerk**: Briana Barrow          **Courtroom Reporter**:

**Parties Present**

HARRELL, TONY          Plaintiff

**Minutes**
*Journals*
- Matter is called at: 9:02 AM with Plaintiff present in court.

Plaintiff reports that he is now self-represented and did not receive the correspondence, filed 5/19/2022.

The Court provides Plaintiff with a copy of the correspondence.

Plaintiff requests the matter be continued to review and address the outstanding issues

The Court finds/orders: Matter is continued to September 21, 2022 at 9 AM.

Clerk to serve notice.

**Future Hearings and Vacated Hearings**
September 21, 2022 9:00 AM Case Management Conference
Case Management Conferences, -
Courtroom H

**EXHIBIT L** 1

**EXHIBIT M**

Case Number: 21-CIV-02825



### SUPERIOR COURT OF SAN MATEO COUNTY

400 County Center            1050 Mission Road
Redwood City, CA 94063      South San Francisco, CA 94080
www.sanmateocourt.org

## Minute Order

| **TONY HARRELL  vs.  FERGUSON PS** | 21-CIV-02825 |
|---|---|
| | 09/21/2022 9:00 AM |
| | Case Management Conference |
| | **Hearing Result**: Held |

**Judicial Officer**: Halperin, Ernst A.        **Location**: Courtroom H
**Courtroom Clerk**: Eresmia Ouranitsas     **Courtroom Reporter**:

---

**Parties Present**

  HARRELL, TONY         Plaintiff

---

**Exhibits**

---

**Minutes**
*Journals*
  - Above-noted parties present.

  Plaintiff in pro per Tony Harrell present in person in Courtroom H.

  At 9:35 a.m. - Matter is called.

  While Plaintiff reports that he filed the proof of service, the Court cannot locate it.

  The court finds/orders: Matter is continued for Case Management Conference on 12/19/2022 at 9:00
  a.m. to allow for filing of the proof of service. Court clerk to serve notice.
*Case Events*

---

**Others**
*Comments:*

---

**Future Hearings and Vacated Hearings**

December 19, 2022 9:00 AM Case Management Conference
Halperin, Ernst A.
Courtroom H

**EXHIBIT M**

MC-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TONY HARRELL<br>1027 SANTA CLARA ST<br>VALLEJO 95490<br>TELEPHONE NO.: 510-860-7592   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | **FILED**<br>**SAN MATEO COUNTY**<br>SEP 21 2022<br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Mateo
STREET ADDRESS:   400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE:   Redwood City, CA 94063-1655
BRANCH NAME:   Southern Branch

| PLAINTIFF/PETITIONER: TONY HARRELL | CASE NUMBER: 21-CIV-08825 |
|---|---|
| DEFENDANT/RESPONDENT: FERGUSON PS | JUDICIAL OFFICER: |
| **NOTICE OF CHANGE OF ADDRESS OR OTHER<br>CONTACT INFORMATION** | DEPT.: |

1. **Please take notice** that, as of *(date):*
   - [✓] the following self-represented party or
   - [ ] the attorney for:
     a. [✓] plaintiff *(name):* TONY HARRELL
     b. [ ] defendant *(name):*
     c. [ ] petitioner *(name):*
     d. [ ] respondent *(name):*
     e. [ ] other *(describe):*

   has **changed his or her address** for service of notices and documents or other contact information in the above-captioned action.
   - [ ] A list of additional parties represented is provided in Attachment 1.

2. The **new address** or other contact information for *(name):* TONY HARRELL
   is as follows:
   a. Street: 1027 SANTA CLARA ST
   b. City: VALLEJO
   c. Mailing address *(if different from above):*
   d. State and zip code: CA 94590
   e. Telephone number: 510-860-7592
   f. Fax number (if available):
   g. E-mail address (if available): Tonyharrell1983@gmail.com

3. **All notices and documents** regarding the action should be sent to the above address.

Date: 9/01/22

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
MC-040 [Rev. January 1, 2013]

**NOTICE OF CHANGE OF ADDRESS OR OTHER
CONTACT INFORMATION**

Cal. Rules of Court, rules 2.200 and 8.816
www.courts.ca.gov

**EXHIBIT N**

MC-040

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**PROOF OF SERVICE BY FIRST-CLASS MAIL**
**NOTICE OF CHANGE OF ADDRESS OR OTHER CONTACT INFORMATION**

*(NOTE: This page may be used for proof of service by first-class mail of the Notice of Change of Address or Other Contact Information. Please use a different proof of service, such as Proof of Service—Civil (form POS-040), if you serve this notice by a method other than first class mail, such as by fax or electronic service. You cannot serve the Notice of Change of Address or Other Contact Information if you are a party in the action. The person who served the notice must complete this proof of service.).*

1. At the time of service, I was at least 18 years old and **not a party to this action.**

2. I am a resident of or employed in the county where the mailing took place. My residence or business address is *(specify):*

3. I served a copy of the *Notice of Change of Address or Other Contact Information* by enclosing it in a sealed envelope addressed to the persons at the addresses listed in item 5 and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service with postage fully prepaid.

   b. ☐ placed the sealed envelope for collection and for mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The *Notice of Change of Address or Other Contact Information* was placed in the mail:

   a. on *(date):*

   b. at *(city and state):*

5. The envelope was addressed and mailed as follows:

   a. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

**NOTICE OF CHANGE OF ADDRESS**
**OR OTHER CONTACT INFORMATION**

**EXHIBIT O**



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Division
400 County Center, 1ˢᵗ Floor, Room A Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

FOR COURT USE ONLY

# FILED

SAN MATEO COUNTY

9/21/2022

**Clerk of the Superior Court**

Eresmia Ouranitsas

DEPUTY CLERK

PLAINTIFF: **TONY HARRELL**

DEFENDANT: **FERGUSON PS**

**NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
21-CIV-02825

A Case Management Conference is set before the Civil Commissioner, as follows:
DATE: **12/19/2022**
TIME: **9:00 AM**
**IN THE DEPARTMENT OF THE CIVIL COMMISSIONER**

**Due to the COVID Pandemic, all Case Management Conferences will be conducted remotely and all persons shall appear remotely using Zoom.**

Please see the Civil Commissioner's webpage at www.sanmateocourt.org/civiljudges for **zoom credentials** and details.

ASSIGNED DEPARTMENT INFORMATION

To schedule a Law and Motion Hearing, please see Local Rule 3.402, or visit the assigned Judicial officer's webpage at:
www.sanmateocourt.org/civiljudges

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
|---|---|---|
| Danny Y. Chou | 650-261-5122 | Dept22@sanmateocourt.org |

CASE MANAGEMENT CONFERENCE INFORMATION

You are hereby given notice of your Case Management Conference.  The date, time and department are noted above.
1.  In accordance with applicable California Rules of the Court and Local Rules, you are hereby ordered as follows:
    a) Plaintiff shall serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 3.110(b); Local Rule 3.804).
    b) Plaintiff shall serve upon all parties who have not yet filed an appearance, a copy of this Notice, blank form of the Case Management Statement and ADR Information Package (Local Rule 3.804(a)). Documents are available online under the CIVIL CMC Packet section at: http://sanmateocourt.org/court_divisions/civil/
    c) File and serve a completed Case Management Statement at least 15 days before the Case Management Conference (CRC 3.725; Local Rule 3.805(c)).  Failure to do so may result in monetary sanctions or the continuance of the CMC.
    d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 days before the date set for the Case Management Conference (Local Rule 3.805(b)).
2.  Parties may proceed to an Appropriate Dispute Resolution process ("ADR") by filing a *Stipulation and Order to ADR*

**EXHIBIT O**

**EXHIBIT O**

(Local Form ADR-CV-1). File and serve the completed *Stipulation and Order to* ADR form at least 12 days prior to the Case Management Conference (Local Rule 3.805(f)). You may find this form and information regarding the Civil ADR Program online at http://sanmateocourt.org/court_divisions/adr/civil/

For additional information, you may visit the Judicial officer's webpage at: www.sanmateocourt.org/civiljudges

### CLERK'S CERTIFICATE OF SERVICE

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, ☐ by hand ☐ by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this Court ☒ by placing the envelope for collection and mailing, following the Court's ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Date:  9/21/2022

Neal I Taniguchi, Court Executive Officer/Clerk

By:   /s/ Eresmia Ouranitsas

Eresmia Ouranitsas, Deputy Clerk

Notice being served on:

TONY HARRELL
1027 SANTA CLARA STREET
VALLEJO, CA  94590-5112

Rev. Jul. 2022

**EXHIBIT O**

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067-1501.

4

5

On October 21, 2022, I served the following document(s) described as **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

6

7

Tony Harrell                                           Pro Se
1027 Santa Clara St.
Vallejo, CA 94590

8

9

10

☒     **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices.  (C.C.P. § 1013 (a) and 1013a(3))

11

12

13

☐     **BY ELECTRONIC DELIVERY:** I caused said document(s) to be transmitted electronically to the above addressees. (C.C.P. § 1010.6)

14

15

☐     **BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

16

17

18

☐     **BY PERSONAL SERVICE:**  I caused such envelope(s) to be delivered the addressee(s). (C.C.P. § 1011)

19

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20

21

Executed on October 21, 2022, at Los Angeles, CA.

22

_____
                                 Matthew Whitney

23

24

25

26

27

28

8

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT